## GANSON et v HEUCK, Auditor et

Ohio Appeals, 1st Dist, Hamilton Co

No 4307.   Decided May 29, 1933

Roettinger & Roettinger, Cincinnati, and Sol Goodman, Cincinnati, for plaintiffs in error.

Louis J. Schneider, Prosecuting Attorney, Cincinnati, Walter M. Locke, Cincinnati, and Jack Martin, Assistant Prosecuting Attorneys, Cincinnati, for defendants in error.

## OPINION

By HAMILTON, PJ.

The sections in question, which as heretofore stated, are part of the new Intangible Tax Law of Ohio, were enacted under the powers given to the Legislature by Constitutional provision.   These sections were a part of the classification authorized by the Constitution.   The classification has already been upheld as constitutional in the case of **Rowe v Braden, No. 4233, (14 Abs 641)**, decision by this court, and other appellate decisions cited therein.   The classification having been enacted pursuant to constitutional authorization, that authorization is of equal dignity to any other constitutional provision.   It, therefore, could not invade any of the constitutional rights of the plaintiffs.

It is claimed that the enforcement provision invades the Federal Constitution, in that it is double taxation, and the taking

of property without due process of law. On this proposition it is enough to cite the case of Fort Smith Lumber Company v Arkansas, 251 U. S. 533. In that case in the opinion, Justice Holmes says at page 533.

"The objection to the taxation may be laid on one side. That is a matter of state law alone. The Fourteenth Amendment no more forbids double taxation than it does doubling the amount of the tax."

On the question of double taxation in the case of **Lee v Sturgis, 46 Oh St, 153,** the Supreme Court of Ohio decided: "The shares of stock constitute property distinct from the capital or property of the company."

These decisions and citations pronounce the law applicable to the case under consideration, and the trial court was correct in sustaining the demurrer to the petition.

Judgment affirmed.

CUSHING and ROSS, JJ, concur.